UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIC PETRECE STANLEY,<br><br>Plaintiff,<br><br>v.<br><br>WEST COUNTY DETENTION FACILITY, et al.,<br><br>Defendants. | Case No. 21-cv-00832-JD<br><br>**ORDER REOPENING CASE AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a detainee of uncertain custodial status, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. This case was dismissed without prejudice due to plaintiff's failure to file an application to proceed in forma pauperis. Plaintiff has filed the application and has been granted leave to proceed in forma pauperis. The case is reopened, and the Court will review the complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

It is not clear from plaintiff's filings whether he is a convicted prisoner or pretrial detainee. Plaintiff alleges that cooking staff at two different jails failed to accommodate his various food allergies which led to health problems. Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Id*. at 1068.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S.

2

at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989).

When a pretrial detainee challenges the conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).

The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment. *See id.* at 539.

Plaintiff was initially incarcerated at the Martinez Detention Facility, where he informed cooking staff that he was allergic to almonds, eggs, beans, baloney and rice and was placed on a vegetarian diet, even though he is not vegetarian. He was provided soy meat and had an allergic reaction and informed cooking staff that he was also allergic to soy. Despite various guards and medical staff informing the cooks of plaintiff's allergies he continued to receive food that he was allergic to, prompting him to engage in several hunger strikes. All of the activities adversely affected his health. These allegations state a claim; however, plaintiff has identified no defendants, only naming Martinez Detention Facility and its cooking staff. The complaint is dismissed with leave to amend to identify specific defendants and describe how they violated his rights by not providing the appropriate food. Plaintiff should also indicate if he is a convicted prisoner or pretrial detainee.

Plaintiff states that he was transferred to West County Detention Facility. He provided cooking staff with paperwork noting his allergies and that he had been provided tuna, chicken breasts and deli turkey at the prior jail which was consistent with his allergies and provided

3

sufficient calories. Plaintiff states that cooking staff at this facility ignored the paperwork and provided him soy-based protein shakes leading plaintiff to engage in further hunger strikes. These allegations also state a claim, but plaintiff has again failed to identify any specific defendants at West County Detention Facility. In an amended complaint, he must identify specific defendants and describe how they violated his rights by not providing the appropriate food.

## CONCLUSION

1. This case is **REOPENED** and the complaint is **DISMISSED** with leave to amend. An amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 9, 2021

JAMES DONATO
United States District Judge

4